UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-21258-Civ-COOKE/TURNOFF

HEWLETT-PACKARD COMPANY,

    Plaintiff

vs.

CP TRANSPORTATION LLC, *et al.*,

    Defendants.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS, OR
IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

THIS MATTER is before me on Defendants CP Transport Inc. and CP Transportation LLC's Motion to Dismiss the Complaint, or in the Alternative, Provide a More Definite Statement. (ECF No. 14). I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons provided, the Motion is denied.

**I. BACKGROUND**

Plaintiff, Hewlett-Packard Company ("HP"), brings this action against Defendants CP Transport Inc. and CP Transportation LLC to recover damages as a result of a cargo loss. HP alleges that it hired a company called Associate Global Systems ("AGS"), a logistics service provider, to ship certain computer equipment from Indianapolis, Indiana to Orlando, Florida. AGS in turn hired Complete Distribution Services, Inc. ("CDS"), a transportation broker, to arrange for the shipment from Indiana to Florida. It appears that CDS hired Defendants to ship the cargo to Orlando, FL.

HP alleges that Defendants received the computer equipment in good condition for shipment on April 28, 2011, and loaded it onto their trucks. HP further alleges that Defendants lost the cargo en route to Orlando, FL, and failed to deliver it at its destination. HP claims Defendants are liable

to it under the Carmack Amendment, 49 U.S.C. § 14706, and it has sustained losses in the amount of over $270,000.

## II. LEGAL STANDARDS

In order to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When evaluating a complaint subject to a motion to dismiss, all factual allegations must be accepted as true, however mere conclusory statements "are not entitled to the assumption of truth." *See Iqbal*, 556 U.S. at 664.  The factual allegations alone must state a facially plausible entitlement to relief. *Id.*  The standard of facial plausibility is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).  A court's consideration when ruling on a motion to dismiss is limited to the complaint and any incorporated exhibits. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

A motion for a more definite statement is appropriate when a pleading "is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e).  "Federal Courts disfavor motions for a more definite statement, in view of the liberal pleading and discovery requirements set forth in the Federal Rules of Civil Procedure." *BB In Technology Co. v. JAF, LLC*, 242 F.R.D. 632, 640 (S.D. Fla. 2007); *see Betancourt v. Marine Cargo Mgmt.*, 930 F. Supp. 606, 608 (S.D. Fla. 1996).

## III. ANALYSIS

Defendants argue that either dismissal or a more definite statement is appropriate because HP fails to identify the nature of the cause of action it brings against them, improperly lumps both defendants together, fails to address other non-parties' involvement or liability in this case or join

them as parties, and fails to attach as exhibits to the complaint certain bills of lading referenced in the complaint. None of these contentions merit the dismissal of HP's complaint or a more definite statement.

In some circumstances, a plaintiff's lumping or grouping of defendants together, especially in a complaint containing multiple claims, may require a more definite statement. *See Veltmann v. Walpole Pharmacy, Inc.*, 928 F. Supp. 1161, 1164 (M.D. Fla. 1996). Normally, however, "when multiple defendants are named in a complaint, the allegations can be and usually are to be read in such a way that each defendant is having the allegation made about him individually." *Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997). In this case, the complaint adequately places each defendant on notice of the allegations against it. HP raises only one cause of action against Defendants. HP's complaint alleges that each of the defendants acted as a carrier of the computer equipment cargo that is the subject of this litigation, they received the computer equipment, and lost the equipment en route to Orlando. This is not the kind of multiple claim/multiple defendant pleading, which requires a more definite statement.

HP's complaint also sufficiently places Defendants on notice of the cause of action it is bringing against them and states sufficient facts to allow Defendants to form a response. HP claims that Defendants are liable under the Carmack Amendment. As HP correctly notes, the Carmack Amendment preempts any state law claims arising from losses in connection with the transportation and delivery of goods. *See Smith v. United Parcel Serv.*, 296 F.3d 1244, 1246 (11th Cir. 2002). Thus, any concerns Defendants articulate in their motion that HP is somehow alleging other, unidentified state law actions in tort or contract are unfounded.

HP's failure to address AGS's and CDS's liability or involvement in this action does not warrant dismissal or require a more definite statement. To the extent Defendants believe these non-parties' involvement in the facts of the case constitute some defense, they are free to raise it. To the

extent Defendants argue that these are indispensable parties, Defendant fail to develop such an argument. In fact, Defendants dedicate a mere sentence to state the argument, with no supporting facts or case law. When parties do not fully develop their arguments and support them with citation to legal authority, the burden upon the Court is improperly increased. "[T]he onus is upon the parties to formulate arguments." *Resolution Trust Corp. v. Dunmar Corp.,* 43 F.3d 587, 599 (11th Cir. 1995); *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." (internal quotation marks omitted)).[1]

Finally, Defendants argue that dismissal or a more definite statement is required because HP failed to attach certain bills of lading to the complaint. A party, however, is not required to attach any written instrument to its pleading. *See United States v. Vernon*, 108 F.R.D. 741, 742 (S.D. Fla. 1986); 5A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1327 (3d ed. 1998) ("The provision for incorporation of exhibits in Rule 10(c) is permissive only, and there is no requirement that the pleader attach a copy of the writing on which his claim for relief or defense is based.").

---

[1] In any case, it does not appear that AGS and CDS are indispensable parties. The complaint alleges the Defendants were the carriers that lost the cargo shipment; if liability against them is established, Defendants may seek to recover for any other carrier. *See Fine Foliage of Fla., Inc. v. Bowman, Transp., Inc*., 901 F.2d 1034, 1037 (11th Cir. 1990) ("The purpose of the Carmack Amendment is to protect shippers against the negligence of interstate carriers and "to relieve shippers of the burden of searching out a particular negligent carrier from among the often numerous carriers handling an interstate shipment of goods. . . . . Once liability is established, the defendant carrier may then seek to recover damages from the connecting carrier which had possession of the goods when loss was sustained." (internal quotations marks omitted)).

## IV. CONCLUSION

For the reasons provided, it is **ORDERED and ADJUDGED** that Defendants CP Transport Inc. and CP Transportation LLC's Motion to Dismiss the Complaint, or in the Alternative, Provide a More Definite Statement (ECF No. 14) is **DENIED**.

**DONE and ORDERED** in chambers at Miami, Florida, this 9th day of October 2012.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*